# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>KEON JAMES BANKS<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)         1:23MJ 27<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 12, 2023__ in the county of __Forsyth__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:
See Affidavit

☑ Continued on the attached sheet.

/S/ RUSSELL JOHNSON
*Complainant's signature*

Russell Johnson, Special Agent, ATF
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 1/13/2023

City and state: Winston-Salem, North Carolina

*Judge's signature*

Joi E. Peake, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF SPECIAL AGENT RUSSELL JOHNSON IN SUPPORT OF APPLICATION FOR ARREST WARRANT

I, Russell Johnson, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, state as follows:

## AFFIANT'S EXPERIENCE

1. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. As a law enforcement officer, I have used and/or participated in a variety of methods investigating firearms and narcotics related crimes, including, but not limited to, visual surveillance, witness interviews, the use of search warrants, confidential informants, undercover agents, pen registers/trap and trace devices, and mobile tracking devices. Based upon information gained through this investigation and others pertaining to firearm trafficking activities of the participant in this investigation, I am familiar with the ways firearm traffickers conduct their business. My familiarity includes the various means and methods by which firearm traffickers acquire and distribute their firearms, their use of cellular telephones, and their use of vehicles in furtherance of firearms trafficking and money transactions.

## PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of an application for a criminal complaint for Keon James BANKS.

4. I have probable cause to believe that BANKS did possess a firearm in furtherance of a drug trafficking crime, that is, possession with intent to distribute marihuana, all in violation of 18 U.S.C. § 924(c).

## THE INVESTIGATION – FACTUAL BACKGROUND

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause for violation of federal criminal offense, specifically 18 U.S.C. § 924(c).

## PROBABLE CAUSE

6. On January 12, 2023, an ATF undercover Special Agent (hereinafter, UC) arranged for the purchase of approximately a quarter pound of marihuana for $625 from Theodore Moye. Moye had an active federal arrest warrant, issued out of the Middle District of North Carolina, Case No. 1:23CR22-1, for drug and firearm related offenses. The transaction was planned in order to effect Moye's arrest on the federal arrest warrant.

7. On this date, Moye instructed the UC to meet him at a BP gas station located at 900 Waughtown Street, Winston Salem, North Carolina.

2

After the UC arrived at the meet location, the UC and Moye exchanged several phone calls and text messages in which Moye was attempting to find the UC's location. Moye eventually located the UC and pulled up to the driver side of undercover vehicle (UCV). The UC observed Moye as the front seat passenger and an individual later identified as BANKS as the driver.

8. The UC exited the undercover vehicle, momentarily made contact with Moye through the passenger window, and then reentered the UCV. At this time an ATF arrest team converged on the vehicle and activated red and blue police lights. Once the police lights were activated, BANKS attempted to flee from the vehicle by exiting the driver side door and running towards the rear of the vehicle. As BANKS exited, an agent observed a red backpack fall onto the ground from the driver side door. BANKS was taken into custody near the rear of the vehicle. Moye then also exited through the driver side door and was taken into custody near the front of the vehicle.

9. As BANKS and Moye were being taken into custody, agents cleared the vehicle for additional occupants and observed a Glock, model 23Gen5, .40 caliber pistol, serial number BXHR274, loaded with 17 rounds of ammunition in the magazine and one (1) round in the chamber, on the driver seat where Banks had been seated. Agents also observed a Pickett's Mill Armory, model PMA-15, multi-caliber pistol, serial number PMA0571, loaded

3

with nine (9) rounds in the magazine and one (1) round in the chamber, on the floorboard of the front passenger area where Moye had been seated.



10. Agents located an open cooler on the backseat which contained approximately 381.17 grams of marihuana. When agents inspected the red backpack that fell out of the car when BANKS attempted to flee, they recovered 322.05 grams of marihuana. Agents also recovered approximately 45.35 grams of marihuana contained within multiple, miscellaneous plastic bags in the passenger compartment.



4

11. Immediately after the arrest, a query of a law enforcement database showed the vehicle driven by BANKS was in fact registered to BANKS.

12. UC's interaction with Moye and Banks was audio/video recorded.

## CONCLUSION

13. Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that on January 12, 2023, within the Middle District of North Carolina, Keon James BANKS committed the following criminal offense: possession of a firearm in furtherance of a drug trafficking crime, that is, possession with intent to distribute marihuana, all in violation of 18 U.S.C. § 924(c)

/S/ RUSSELL JOHNSON
Russell Johnson, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Dated: January 13, 2023.

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

Honorable Joi E. Peake
United States Magistrate Judge
Middle District of North Carolina